State ex rel. Wasserman, Appellant, vs. Cooper and others, Respondents.

*March 5—April 1, 1930.*

For the appellant there was a brief by *L. E. Vaudreuil,* attorney, and *R. V. Baker,* of counsel, both of Kenosha, and oral argument by *Mr. Vaudreuil.*

For the respondents there was a brief by *Roy S. Stephenson,* city attorney of Kenosha, and *Chester D. Richardson,* assistant city attorney, and oral argument by *Mr. Richardson.*

Fritz, J.   In this proceeding the relator, on a writ of *certiorari,* sought a reversal of a decision of the board of appeals of the city of Kenosha, appointed and functioning under and by virtue of a zoning ordinance known as ordinance No. 596.   The decision of that board of appeals denied an application of the relator for the reversal of an order of the building inspector of Kenosha revoking a building permit which had been issued to the relator under ordinance No.

461, which prohibited the erection of a building unless a building permit was first obtained from the building inspector. The zoning ordinance, No. 596, also provided for a permit, designated as a "Certificate of occupancy," to be issued by the chief of the inspection department. That ordinance prohibited the use or occupancy of any building, thereafter erected or altered, until after the issuance of such certificate of occupancy. It provided that the certificate of occupancy for buildings which were to be erected or altered should be applied for coincident with the application for the building permit, but that the certificate of occupancy was not to be issued until after the erection or alteration of such building was completed.

In the case at bar an application for a "Building and occupancy permit" was made on behalf of the relator on April 19, 1929, and on that day, under ordinance No. 461, "Building permit No. 332" for the erection of a new building was issued by the building inspector. No occupancy permit under ordinance No. 596 was ever issued, and it could not lawfully have been issued until after the completion of the new building. On May 21, 1929, the building inspector in writing revoked "Building permit No. 332." The written revocation had the following notation:

"Ordinance No. 461 of the ordinances of the city of Kenosha provides as follows: 'When any such permit is revoked it shall be unlawful to do any further work upon such building until the permit is reissued.' "

Thereupon, the relator served a "Notice of appeal to the board of appeals of the city of Kenosha," in which he stated that he appeals, as provided by ordinance 461 and ordinance 596, from the building inspector's order revoking said permit.

Ordinance No. 461 created a board of appeals for the review of any order or ruling of the building inspector under that ordinance; and that board consists, as prescribed by that

ordinance, of the chairman of the building and waterworks committee of the city council, the chief of the fire department, the commissioner of health, and two citizens appointed by the mayor. Likewise, ordinance No. 596 created another board of appeals to review any order made pursuant to the provisions of the zoning ordinance; and that board consists, as prescribed by that ordinance in conformance to sec. 62.23 (8), Stats., of members appointed by the city manager, one of whom is required to be an architect or structural engineer of ten years' experience. Manifestly, the two boards were separate and distinct bodies, and each board had jurisdiction only to review an order made under or pursuant to the ordinance which created the board in question. Thus the board created by ordinance No. 596 had no jurisdiction to reverse, affirm, or modify an order revoking a building permit issued under ordinance No. 461. Consequently, when relator's appeal from the building inspector's order revoking the building permit issued under ordinance No. 461 was referred to and came on for a hearing before the board created under ordinance No. 596, that board had no jurisdiction to reverse the building inspector's order revoking the building permit, or to otherwise grant any relief to the relator. As far as that board was concerned, it could only deny the relator's application for a review of the order revoking the building permit. Consequently, no error was committed by that board, or the respondents herein as members of that board, in denying relator's application for such review. Although in the proceedings before that board some consideration was given to the propriety of the order of revocation, the denial of relief should have been based on the ground that the board created under ordinance No. 596 was without jurisdiction. That want of jurisdiction on the part of respondents was duly alleged in their return to the writ of certiorari herein, and on that ground the trial court should have quashed the writ of certiorari instead of entering upon

an inquiry as to the merits of the building inspector's order of revocation. However, as the ultimate result reached by the trial court was the quashing of the writ of *certiorari,* the judgment to that effect will be affirmed, without now passing upon the ground on which the learned circuit judge based his decision.

*By the Court.*—Judgment affirmed.